Filed 11/29/21  P. v. Martinez CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSE ANGEL MARTINEZ,<br><br>    Defendant and Appellant. | B306457<br><br>(Los Angeles County Super. Ct. No. NA095527) |

APPEAL from an order of the Superior Court of Los Angeles County, Laura L. Laesecke, Judge.  Reversed and remanded.

Law Office of Steven Schorr and Steven Schorr, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Thomas C. Hsieh, Deputy Attorney General, for Plaintiff and Respondent.

A jury convicted defendant and appellant Jose Angel Martinez (defendant) in 2017 of first degree murder and arson. He and an accomplice killed victim Christopher Waters and burned his body in an effort to avoid capture for the crime. (*People v. Martinez* (2019) 31 Cal.App.5th 719, 722 (*Martinez I*).)

After defendant's conviction, the Legislature passed and the Governor signed Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437). The legislation, which took effect on January 1, 2019, "'amend[s] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).) Substantively, Senate Bill 1437 accomplishes this by amending [Penal Code] section 188, which defines malice, and [Penal Code] section 189, which defines the degrees of murder, and as now amended, addresses felony murder liability. Senate Bill 1437 also adds [to the Penal Code] . . . section 1170.95, which allows those 'convicted of felony murder or murder under a natural and probable consequences theory . . . [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts . . . .' ([Pen. Code, ]§ 1170.95, subd. (a).)" (*Martinez I, supra,* 31 Cal.App.5th at 723.)

On direct appeal, this court affirmed defendant's conviction. (*Martinez I, supra,* 31 Cal.App.5th at 730.) Among other things, we held defendant was not entitled to seek relief on direct appeal based on the changes in law made by Senate Bill 1437; instead, we held he must seek such relief via the

2

petitioning procedure provided by Penal Code section 1170.95. (*Id.* at 727-729.)

With his avenues for direct appeal in California courts exhausted, defendant filed a Penal Code section 1170.95 petition in the trial court in May 2019.  Via boxes checked on the form petition, defendant asserted he was convicted of murder at trial pursuant to the felony murder rule or the natural and probable consequences doctrine and he could not be convicted of murder under current law because of the aforementioned changes in murder law made by Senate Bill No. 1437.  The People opposed the petition in the trial court, arguing defendant could still be convicted of murder under current law as a direct aider and abettor who harbored an intent to kill or as a major participant who acted with reckless indifference to human life.[1]  In reply,[2] defendant argued the jury was instructed on the natural and probable consequences doctrine (a doctrine that can no longer support murder liability under current law) and also made no finding as to whether defendant was a major participant who acted with the requisite reckless indifference.

The trial court denied defendant's Penal Code section 1170.95 petition.  Discussing the evidence presented at trial, the court found "the evidence was consistent with . . . [defendant being] . . . active, engaged, part of this killing, not just sidelines,

---

[1]    The People also argued defendant could be convicted as a "direct perpetrator in the attack and killing," but did not argue he was the "actual killer."  The People conceded it was "not clear what the exact roles [defendant] or his accomplice took in wrapping the electrical cord around the victim's neck . . . ."

[2]    Counsel retained by defendant filed the reply brief.

not just standby, not just accessory after the fact." The court stated its view that the evidence "supports a premeditated lying in wait, which clearly means that the defendant would be guilty of a first degree," the evidence "supports a clear aiding and abetting," and the evidence indicates defendant was "up to his elbows, so to speak, in this crime[—] involved and active." The trial court conceded "we don't know what the jury—what theory [of murder] they ultimately agreed upon," but observed it was not then necessary to ask the jury what theory it agreed on and believed it was not "fair to the prosecution to say, 'Well, we should have asked now in hindsight,' because we didn't have to."

Now on appeal, the People represented by the Attorney General concede the trial court's denial of defendant's Penal Code section 1170.95 petition was erroneous. The trial court relied on the evidence at trial and made a factual determination that defendant was ineligible for relief when, as the People correctly observe, Penal Code section 1170.95 does not permit a court to weigh the facts without first issuing an order to show cause and holding a Penal Code section 1170.95, subdivision (d)(3) hearing. (*People v. Lewis* (2021) 11 Cal.5th 952, 972 ["In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' ([*People v.* ] *Drayton* [(2020)] 47 Cal.App.5th [965, ]980)"].) We agree defendant satisfied the "'very low'" threshold *(ibid.)* for stating a prima facie claim for relief and, thus, a determination of eligibility will have to wait until an order to show cause issues and a hearing is held (assuming the question of whether relief should be granted remains contested). We shall accordingly reverse and remand to permit the trial court to issue an order to

show cause and to thereafter proceed as required by Penal Code section 1170.95, as since amended by Senate Bill No. 775 (2020-2021 Reg. Sess.).

## DISPOSITION

The order denying defendant's Penal Code section 1170.95 petition is reversed and the cause is remanded for further proceedings, on or after January 2, 2022, consistent with Penal Code section 1170.95.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, Acting P. J.

We concur:


MOOR, J.


KIM, J.